IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SANQUITA CHYVERNE ALEXANDER, )
)
Plaintiff, )
)
v. ) Civil Action No. CV-03-T-192-E
)
CHATTAHOOCHEE VALLEY )
COMMUNITY COLLEGE, and DR. LAUREL ) JURY DEMAND
BLACKWELL, individually and in her )
official capacity as President of Chattahoochee )
Valley Community College, )
)
Defendants. )

FILED FEB 19 2003
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RECEIVED
2003 FEB 19 P 4: 18

## COMPLAINT

### I. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to: Title 28, U.S.C., Section 1331; Title 28, U.S.C., Section 1343; and Title 28 US.C., Section 2201. This action arises under 42 U.S.C. 2000e, et seq., Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C., Section 206(d), the Equal Pay Act, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this Court is also invoked pursuant to the provisions of 42 U.S.C., Section 1983, this being an action to redress the deprivation of rights secured under said constitutional and statutory provisions.

### II. NATURE OF THE ACTION

2. This action seeks a declaratory judgment declaring that the actions of the Defendants in failing to provide Plaintiff equal pay for equal employment, compared with pay of white male employees, denial of rights guaranteed to her under the Equal Pay Act, 29 U.S.C., Section

1

206(d)(1). This action also seeks a declaratory judgment declaring that the Defendants' actions in discriminating against Plaintiff because of her race violate rights guaranteed her under 42 U.S.C., 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C., Section 1983. Additionally, this action seeks mandatory, preliminary and permanent injunctions requiring Defendants to increase compensation and provide equal pay to Plaintiff in the position of Director of Admissions with all back pay, interest, allowances, seniority, status and retirement benefits to which she would have been entitled had she been properly employed and properly paid.

3. All acts herein complained of were done under the color of state law.

### III. THE PARTIES

4. Plaintiff Sanquita Chyverne Alexander is a citizen of the United States of the age of majority residing in Phenix City, Alabama. At all times material hereto, Plaintiff Alexander has been employed by Defendant Chattahoochee Valley Community College (also referred to herein as "Chattahoochee Valley").

5. Defendant Chattahoochee Valley Community College is a state institution of Postsecondary Education created pursuant to the laws of the State of Alabama with a campus at Phenix City, Alabama.

6. Defendant Laurel Blackwell is a citizen of the State of Alabama of the age of majority who resides in Auburn, Alabama. Defendant Blackwell is sued individually and in her official capacity as President of Chattahoochee Valley Community College. In such capacity, Defendant Blackwell is charged by law with the duty of setting salaries of employees of Chattahoochee

Valley Community College in accordance with State Board of Education policies.

## IV. ADMINISTRATIVE PROCEDURES

7. Plaintiff has filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice on February 5, 2003.

## V. ALLEGATIONS OF FACT

8. Since June 3, 2002, Plaintiff has performed the duties of Director of Admissions at Chattahoochee Valley Community College. She was required to assume those duties by the interim college chief executive officer, Dr. Vicky Hawsey, immediately upon the departure of former Admissions Director Patricia Weeks.

9. Plaintiff Alexander has been employed by Chattahoochee Valley for 12 years and obtained a Bachelor's Degree in Office Administration from Alabama State University in 1990 and a Master's Degree in Human Resources/Management from Troy State University/Phenix City in 1992. She has been employed continuously in the Admission's Office since September 1990.

10. During her tenure at Chattahoochee Valley, Plaintiff Alexander has performed her duties with distinction. Even while Ms. Weeks was Director of Admissions, Plaintiff unofficially was next in charge for those occasions when Ms. Weeks was on vacation or otherwise out of the office.

11. Since Ms. Weeks' departure on June 3, 2002, Plaintiff has performed all the essential duties of Director of Admissions. She has checked transcripts for graduation, enrolled students, helped get classes off to a good start, and managed other employees in the office, ensuring that

school policies with regard to overtime and scheduling are maintained.

12. President Blackwell and her predecessors routinely place (d) Directors at Chattahoochee Valley on salary Schedule C-3. All white and male directors at Chattahoochee Valley are on the C-3 schedule and are paid more than Plaintiff, even though she performs director's duties.

13. One white male director, the Director of Institutional Research, who also holds a Master's degree, is paid more than $25,000.00 per year over Plaintiff's salary of $33,285 annually. He has been employed by CVCC for only two years, compared to Plaintiff's twelve years at the college.

14. A white female director, the Director of Public Relations, with a high school degree and inferior experience at Chattahoochee Valley, is paid about $15,000.00 more per year than Plaintiff.

15. While other directors are placed on the C-3 schedule, Plaintiff remains on the "E" schedule. All other directors at Chattahoochee Valley are paid more than Plaintiff, even though she performs equal duties.

16. Plaintiff is paid lass than all other directors at the college because she is an African American female.

17. Chattahoochee Valley has a history of race and sex discrimination.

## VI. FIRST FEDERAL CAUSE OF ACTION

### (Race Discrimination)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows

4

unto this Honorable Court the following:

18. Defendants' discriminatory action constitutes a violation of Plaintiff's rights guaranteed under 42 U.S.C. 2000e et seq., Title VII of the Civil Rights Act of 1964, and 42 U.S.C., Section 1983.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and order Defendants to raise Plaintiff's pay and award back pay, costs, attorneys' fees, and any other amount to which Plaintiff may show herself to be justly entitled.

## VII. SECOND FEDERAL CAUSE OF ACTION

### (Equal Protection)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

19. Defendants' action constitutes a violation of Plaintiff's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C., Section 1983.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests the Court grant judgment in favor of Plaintiff and order Defendants to raise Plaintiff's pay and award back pay, costs, attorneys' fees, and any other amount to which Plaintiff may show herself to be justly entitled.

## VIII. THIRD FEDERAL CAUSE OF ACTION

### (Equal Pay)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows

unto this Honorable Court the following:

20. Defendants' action constitutes a violation of Plaintiff's rights guaranteed under the Equal Pay Act, 29 U.S.C. 206(d), and the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests that the Court grant judgment in favor of Plaintiff and order Defendants to raise Plaintiff's pay and award back pay, costs, attorneys' fees, and any other amount to which Plaintiff may show herself to be justly entitled.

## IX. FIRST STATE CAUSE OF ACTION

### (Violation of Pay Regulations)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

21. Defendants' action constitute a violation of state regulations requiring that the Department of Postsecondary Education employees be properly placed on the salary schedules as required under Sections 16-22-13.2(4) and 16-22-11(3), Code of Alabama 1975.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests the Court grant judgment in favor of Plaintiff and order Defendants to raise Plaintiff's pay and award back pay, costs, attorneys' fees, and any other amount to which Plaintiff may show herself to be justly entitled.

## X. SECOND STATE CAUSE OF ACTION

### (Violation of Implied Contract)

Plaintiff incorporates all previous paragraphs as if fully set out herein and further shows unto this Honorable Court the following:

22. Defendants' refusal to place Plaintiff on the proper pay scale violates an implied contract with Plaintiff.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff requests the Court grant judgment in favor of Plaintiff and order Defendants to raise Plaintiff's pay and award back pay, costs, and any other amount to which Plaintiff may show herself to be justly entitled.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that after a hearing hereon, the Court will:

I. Issue a declaratory judgment stating that:

1. The actions of Defendants in failing to provide Plaintiff with equal pay to other directors constitutes discrimination by reason of her race and gender and are in violation of Plaintiff's rights guaranteed under 42 U.S.C 2000e et seq., Title VII of the Civil Rights Act of 1964, and 42 U.S.C., Section 1983.

2. The actions of Defendants in paying Plaintiff less than other directors constitutes discrimination under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C., Section 1983.

3. Defendants' actions in failing and refusing to provide Plaintiff with equal pay for equal employment as a director denies rights guaranteed to her under the Equal Pay Act, 29 U.S.C. 206(d)(1).

II. Enter mandatory, preliminary and permanent injunctions requiring Defendants to raise the pay of Plaintiff as the Director of Admissions at Chattahoochee Valley, with all back pay, allowances, seniority, and retirement benefits to which she would have been entitled had Plaintiff been properly compensated.

III. Enter an Order awarding Plaintiff her costs incurred in this case, together with reasonable attorneys' fee to be taxed as part of the costs against Defendants.

IV. Grant such additional and further relief as the Court deems proper and just in the premises.

## XII. JURY DEMAND

Plaintiff demands trial by struck jury.

Respectfully submitted,

Terry G. Davis (DAV040)
Afrika C. Parchman (CHI023)
Davis & Hatcher, L.L.C.
4183 Carmichael Road, Suite B
Montgomery, AL 36106
Phone (334) 270-0592
Facsimile (334) 279-0362

**OF COUNSEL:**
W. Don Eddins (EDD005)
Attorney at Law
337 E. Magnolia Avenue
Suite 3
Auburn, AL 36830
Phone (334) 821-9981
Facsimile (334) 826-7700